[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 16, 1994 defendant Town of Simsbury Water Pollution Control Authority (hereinafter "Authority") filed with the Town Clerk of Simsbury a Supplemental Assessment of Benefits from construction of a sanitary sewer line on property owned by plaintiff Loren J. Andreo. Said property is located at 828-836 Hopmeadow Street in Simsbury. Said supplemental assessment was levied because the plaintiff had added an addition of 11,329 square feet to his property. This is an appeal from that supplemental assessment.
Plaintiff's property was once a part of a Simsbury Sewer Association which basically included the merchants on Main and Hopmeadow Streets in Simsbury. In the early 1970's the Town of Simsbury, acting through its Water Pollution Control Authority, constructed a sewer treatment plant and began receiving sewage from the Simsbury Sewer Association.
On March 11, 1976 (and June 17, 1976) the Authority (also known as Sewer Commission) adopted a policy for assessment of benefits resulting from the construction of sewerage systems. This policy was established in accordance with General CT Page 2902 Statutes §§ 7-245 through 7-273. (Plaintiff's Ex. 2). The assessment rate for benefited properties other than single-family dwellings was established at $44.50 per $1,000 of assessed value or any portion thereof.
After the Authority started accepting the flow of sewage from the Simsbury Sewer Association, the Authority started negotiating as to how the Association would be assessed for coming into the Town System. Although the Town considered assessing the members of the Sewer Association in accordance with the policy of assessment ($44.50 per $1,000 assessed value), and it could have done so, it finally agreed that it would charge them only the amount of money it would take to bring their existing system into the Town system. This was considered equitable because the Association members already had their own system, whereas other property owners of the Town coming into the Town system had not had sewers before. The cost to bring the Association's system into the Town system was $78,000. which was thus prorated among the Association members. The plaintiff's proportionate share was $3,742.59. If he had been assessed in accordance with the policy of assessment at $44.50 per $1,000 assessed value, his assessment would have been $20,586.58. (Defendants' Ex. A.). Thus the plaintiff and other members of the Simsbury Sewer Association received a reduced rate assessment from 1980 on.
In 1991 plaintiff commenced to expand his property by adding an addition of 11,329 square feet, and he proposed to connect the sewer lines to Iron Horse Boulevard located to the rear of his property. Accordingly, in 1994 the Town imposed a supplemental assessment because of the addition to the property. The assessment was based upon an assessed value of the plaintiff's entire property in the amount of $524,060, and it was calculated at the rate of $44.50 for each $1,000 of assessed value.
General Statutes § 7-249 provides in pertinent part:
 "At any time after a municipality, by its water pollution control authority, has acquired or constructed, a sewerage system or portion thereof, the water pollution control authority may levy benefit assessments upon the lands and buildings in the municipality which, in its judgment, are especially benefited thereby, whether they abut CT Page 2903 on such sewerage system or not, and upon the owners of such land and buildings, according to such rule as the water pollution control authority adopts, subject to the right of appeal as hereinafter provided. Benefits to buildings or structures constructed or expanded after the initial assessment may be assessed as if the new or expanded buildings or structures had existed at the time of the initial assessment. . . In assessing benefits and apportioning the amount to be raised thereby among the properties benefited, the water pollution control authority may give consideration to the area, frontage, grand list valuation and to present or permitted use or classification of benefited properties and to any other relevant factors . . . No assessment shall be made against any property in excess of the special benefit to accrue to such property."
Clearly, the statute provides that benefits to buildings or structures expanded after the initial assessment "may be assessed as if the new or expanded buildings or structures had existed at the time of the initial assessment." There is no dispute that the assessed value of the property is now $524,060. However, the plaintiff claims that the supplemental assessment should not be based on that figure because of the agreement reached in 1978.
Plaintiff claims that since the Water Pollution Control Authority had agreed back in 1978 not to levy an assessment of benefits at the rate of $44.50 per thousand dollars of assessed value (which was then $462,620.00), it may not thereafter levy an assessment at that rate on that same property solely as a result of a newly constructed addition to the property which increases the assessed value of the entire property to $524,060.00. He claims that the supplemental assessment of benefits should be based only on the assessed value of the addition ($61,440.00), and not the assessed value of the entire property ($524,060.00).
The court does not believe that the defendant breached the 1978 agreement by levying the supplemental assessment in accordance with the policy established in 1976 and in accordance with General Statutes § 7-249. Although in 1978 the plaintiff and other members of the Sewer Association were allowed to pay a special rate to come into the town sewer CT Page 2904 system, there was no agreement at that time that they would be treated differently from other property owners years later if they decided to expand their property. The plaintiff has failed to prove any such agreement.
"[t]here is a presumption as to the 'regularity, validity and correctness of a special benefit assessment that imposes on one challenging the assessment the burden of proof . . . `An appellant may overcome this presumption by introducing competent evidence that the assessment is greater than the increase in the market value of the property due to the improvement.'" Tower Bus. Park Assoc. No. 1 Ltd. Partnershipv. Water Pollution Control Auth., 213 Conn. 112, 117 quotingKatz v. West Hartford, 191 Conn. 594, 602-603.
"In order to defeat the supplemental assessment that has been imposed on his property, therefore, the plaintiff must prove that, together with the initial assessment, it exceeds the benefit that access to the sewers would have conferred upon the property as a whole at the time of the initial assessment if the present office building had then been erected. `The monetary value of the special benefit conferred upon a piece of property by the presence of a sewerage system must be calculated by the difference between the market value of the realty with and without the sewerage system. . .'"Tower Bus. Park at 118, citing Bridge Street Associates v.Water Pollution Control Authority, 15 Conn. App. 140, 144.
The plaintiff had the burden of proving that the defendant breached the 1978 agreement. Further, in order to defeat the supplemental assessment, he had the burden of proving that the assessment exceeded the benefit that access to the town sewer system has conferred. That special benefit is calculated by the difference between the market value of the realty with and without the sewerage system. The plaintiff has failed to prove breach of the 1978 agreement and he has failed to prove that the assessment exceeded the benefit.
The appeal is dismissed.
Frances Allen State Judge Referee CT Page 2905